UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HELEN RILEY,  )<br>  )<br>   Movant,  )<br>  )<br>v.  )<br>  )<br>UNITED STATES OF AMERICA,  )<br>  )<br>   Respondent,  ) | Civil Case No. 4:13-CV-2386-JAR<br>Criminal Case No. 4:12-CR-339-JAR-1 |

## MEMORANDUM & ORDER

This matter is before the Court on Movant Helen Riley's motion for relief under 28 U.S.C. § 2255 (Doc. 1). The motion is fully briefed and ready for disposition. For the following reasons, the Court will dismiss the motion in part, and deny the motion in all other respects.

### I.  Background

On January 28, 2013, Movant entered guilty pleas to the following four counts, all of which were charged by indictment: bankruptcy fraud, in violation of 18 U.S.C. § 152(3) (Count 1); identity theft, in violation of 18 U.S.C. § 1028(a)(7) (Count 2); making a false statement, in violation of 18 U.S.C. § 1001 (Count 3); and theft of government property, in violation of 18 U.S.C. § 641 (Count 4). United States v. Riley, 4:12-cr-339-JAR-1 (E.D. Mo.) (Crim. Docs. 1, 27-28, 51). In exchange for Movant's guilty pleas, the Government agreed to, inter alia, dismiss a fifth count, which charged Movant with making a false statement (Crim. Docs. 1, 28).

The parties' written plea agreement correctly stated that Count 1 was punishable by up to five years in prison; that Count 2 was punishable by up to fifteen years in prison; that Count 3 was punishable by up to five years in prison; and that Count 4 was punishable by up to ten years in prison (Crim. Doc. 28 at 7-8). Moreover, the plea agreement indicated that Movant had

voluntarily entered into the plea agreement; that her guilty pleas were made of her own free will; and that she was, in fact, guilty of the offenses to which she was pleading guilty (Id. at 14). The plea agreement also stated that Movant was fully satisfied with defense counsel's representation, and that counsel had completely and satisfactorily explored all areas which Movant had requested as to the Government's case against her and any defenses she may have had to the offenses charged (Id. at 13). The plea agreement also indicated that, by pleading guilty, Movant agreed to waive, as relevant, her right to a jury trial and her right to require the Government to prove beyond a reasonable doubt the elements of each offense (Id.).

The final presentence report ("PSR") noted that defense counsel had provided the probation office Movant's medical records which showed that she suffered from several serious medical conditions; Movant did not object to the PSR's characterization of her medical conditions or the treatment she was receiving therefor (Crim. Docs. 35, 38). In a sentencing memorandum, defense counsel argued, as relevant, that in light of Movant's medical conditions and her need for extensive medical treatment, the Court should vary downward from the advisory Guidelines range of 24 to 30 months in prison, decline to impose any term of imprisonment, and instead sentence Movant to a term of probation (Crim. Doc. 43 at 4, 7). In response, the Government argued for a within-Guidelines-range sentence, asserting that Movant had not established that the Federal Bureau of Prisons ("BOP") would not be able to adequately treat her various medical conditions. (Crim. Doc. 44).

At the May 2, 2013 sentencing hearing, the Court informed the parties that it intended to accept as true the PSR's descriptions of Movant's medical conditions (Crim. Doc. 55 at 37-38), stated that the Court understood that Movant had a number of significant medical conditions (id. at 39), and conducted the following colloquy with counsel:

2

> THE COURT: Let me go back to the medical information, because I want to make sure we're clear. So, again, I'm saying that the Court is accepting as true all of those statements in the presentence report with regard to her medical situation. And as I understand it, you don't believe that there's any other information that you would provide, you just want to make sure that the Court takes that as the true statements with regard to her medical condition; is that correct?
>
> DEFENSE COUNSEL: That's correct, Your Honor.
>
> . . .
>
> THE COURT: All right. So based on that, you're not asking for additional time to present other medical information; is that correct?
>
> DEFENSE COUNSEL: Not if the Court is relying on the presentence report for that, Your Honor.

(Id. at 42). The Court then discussed the 18 U.S.C. § 3553(a) factors, including the nature and circumstances of Movant's offenses, her limited criminal history, the need to provide restitution, and her medical needs (Id. at 44-47). As to Movant's medical conditions, the Court explained as follows:

> THE COURT: Having said all of that, I do recognize [Movant] has had significant issues, identity issues, gender issues that have played a significant role in this case. And she certainly has some significant medical impairments that warrant consideration. And those medical conditions are significant, severe, but in the Court's view they do not necessarily suggest that a period of incarceration is— that it's not warranted.
>
> For that reason, the Court believes that a variance is appropriate. Again, I think the variance is appropriate based on the history of identity issues, the history of gender issues, the severe medical impairments of [Movant].
>
> . . .
>
> Giving consideration to all of those things, the Court believes that a downward variance is appropriate. However, again, when I give consideration to the impact of these offenses, and although I do think that the medical impairments are severe, that they are not beyond being treated in the Bureau of Prisons, that some period of incarceration is necessary and appropriate to reflect the seriousness of the offense, to meet the sentencing objectives. And, therefore, the Court believes that a sentence of 12 months plus one day on each of the four counts to run concurrent, plus three years of supervised release, and that's the maximum term

3

of supervised release, that that's appropriate given the amount of restitution that is going to be ordered by the Court.

That that sentence is, again, sufficient but not more than necessary to meet statutory sentencing objectives. It will properly hold [Movant] accountable, provide adequate deterrence, and protect the community and achieve [parity] with sentences of similarly situated individuals.

(Id. at 46-47). The Court sentenced then Movant to twelve months and one day in prison on each of the four counts, all terms to be served concurrently; and recommended that she be evaluated for placement in a medical facility (Id. at 47-51, 55).

Movant's motion to vacate raises three grounds for relief: (1) "Ineffective Assistance of Counsel in violation of Sixth Amendment" based on "improper judicial fact finding due to the misrepresentation of the government's ability to properly care for [Movant's] existing medical conditions" and the Court's obligation to consider Movant's need for medical care under 18 U.S.C. § 3553(a)(2)(d); (2) a "Due Process violation of the 5th Amendment, depriving [Movant] of life and liberty without due process" based on the Government's misrepresentation of the BOP's ability to properly care for Movant's medical conditions; and (3) a "Violation of the 8th Amendment," alleging that the lack of medical care during Movant's incarceration arises to cruel and unusual punishment (Doc. 1). In an attached memorandum, Movant specifies that her ineffective-assistance claim is based on an alleged failure by counsel to investigate the BOP's ability to treat her medical conditions (Doc. 1.1 at 2). The Court will address each of Movant's grounds in turn.

## II. Discussion

### A. Ineffective Assistance of Counsel/Improper Judicial Fact Finding

In her first ground for relief, Movant claims that defense counsel was ineffective by failing to investigate whether the BOP would be able to treat her serious medical conditions

4

(Docs. 1, 1.1). To establish a claim of ineffective assistance of counsel, Movant must demonstrate both that her counsel's performance was deficient and that she was prejudiced by that performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient representation means counsel's conduct fell below the conduct of a reasonably competent attorney. Id. To establish prejudice, Movant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In cases where a movant has entered a guilty plea, Strickland's prejudice requirement focuses on "whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also Matthews v. United States, 114 F.3d 112, 114 (8th Cir. 1997).

In any claim of ineffective assistance of counsel premised on an alleged failure to investigate, a particular decision by counsel not to investigate must be directly assessed for reasonableness considering all the circumstances, applying "a heavy measure of deference to counsel's judgments." Id. A Movant is not entitled to post-conviction relief by merely showing that counsel failed to investigate; rather, she must also show how the missing information would have been used at trial. Witherspoon v. Purkett, 210 F.3d 901, 903-04 (8th Cir. 2000). "[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Strickland, 466 U.S. at 690-91.

The Court concludes that Movant's first ground for relief lacks merit because, among other reasons, she cannot show that she was prejudiced by her counsel's alleged failure to

5

investigate the treatment capabilities of the BOP. More specifically, Movant has not identified any information that her counsel would have discovered had she investigated BOP's treatment capabilities, nor has she established how any such information would have benefited her at trial or at sentencing. The Court notes that defense counsel sought a sentence of probation, in lieu of any term of incarceration, citing Movant's medical issues. The Court concludes that, in light of the overwhelming evidence of Movant's guilt, it was a reasonable strategy for defense counsel to advise Movant to plead guilty to Counts 1 through 4 in exchange for, the Government's agreement to dismiss a fifth count, and to seek a downward variance based on Movant's health at sentencing. The Court further notes that counsel's strategy was largely successful, as the Court varied downward and sentenced Movant to a term of imprisonment well below the undisputed advisory Guidelines range, and did so in large part based on its consideration of Movant's extensive medical issues. Further, at counsel's request the Court recommended that Movant be evaluated for placement in a BOP medical facility. As such, Movant's claim that her counsel was ineffective by failing to investigate the BOP's medical capabilities lacks merit. See Strickland, 466 U.S. at 690-91.

To the extent Movant also argues that the Court engaged in impermissible "judicial fact finding," her argument is meritless. Any fact, other than that of a prior conviction, which increases the mandatory minimum sentence a criminal defendant faces, or which increases a defendant's sentence beyond a statutory maximum, must generally be submitted to a jury and proved beyond a reasonable doubt. Alleyne v. United States, 133 S. Ct. 2151, 2163 (2013); Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). However, a criminal defendant is free to waive her right to require that such facts be submitted to a jury and proved beyond a reasonable doubt. Blakely v. Washington, 542 U.S. 296, 310 (2004); United States v. Griffin, 394 Fed.

6

App'x 349, 350-51 (8th Cir. 2010) (unpublished per curiam) (criminal defendant's right to jury trial is subject to knowing and voluntary waiver). Movant's argument is meritless because, among other reasons, the Government did not seek any judicial sentence enhancements in this case, and the Court did not find any facts that increased a mandatory minimum sentence or increased Movant's sentence beyond a statutory maximum. Instead, the Court merely adopted facts that were set forth in the final PSR, which Movant herself had submitted in support of her request for a downward variance and to which she did not object. See United States v. Arrieta-Buendia, 372 F.3d 953, 955 (8th Cir. 2004) (if defendant does not object to specific factual allegation contained in PSR, the Court may accept that fact as true for purposes of sentencing). Therefore, Movant's first ground for relief is denied as it lacks merit.

B. Due Process Violation under the 5th Amendment

In her second ground for relief, Movant claims that she was deprived of her liberty without due process of law in violation of the Fifth Amendment (Doc. 1). The only way for the Court to consider this claim is to construe this allegation as a claim that Movant's guilty pleas were not entered knowingly and voluntarily because she was unaware of the BOP's inability to provide her adequate medical care. It is well-settled that a guilty plea must be entered knowingly and voluntarily. Gray v. United States, 833 F.3d 919, 923 (8th Cir. 2016); see also Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). Where a guilty plea is knowingly, voluntarily, and intelligently made with sufficient awareness of the relevant circumstances and its likely consequences, it will not be set aside lightly. United States v. Martinez-Cruz, 186 F.3d 1102, 1104 (8th Cir. 1999). A guilty plea is voluntary, so long as the defendant "understands the nature of the right [he is waiving by pleading guilty] and how it would likely apply *in general* in the circumstances—even though the defendant may not know the *specific detailed* consequences

of invoking it." Iowa v. Tovar, 541 U.S. 77, 92 (2004) (citing United States v. Ruiz, 536 U.S. 622, 629 (2002)).

Here, Movant has not established that her guilty pleas were not knowing and voluntary. She does not allege that she pleaded guilty as a result of threats, undue pressure, or improper promises. See Brady v. United States, 397 U.S. 742, 754-55 (1970). Moreover, she does dispute that she that she was, in fact, guilty of the offenses to which she pled guilty; nor does she dispute that she was advised of the nature of each offense charged, of the maximum sentences she faced on each count, and the Court's obligation to consider the applicable Guidelines range and the 18 U.S.C. § 3553(a) factors at sentencing. See United States v. Frook, 616 F.3d 773, 774-75 (8th Cir. 2010). Rather, it appears that her claim is premised on her belief that the Government misrepresented to the Court that the BOP would be able to provide adequate treatment for her medical conditions during any term of incarceration. However, a review of the record shows that the Government did not make such a representation to the Court, but rather, that it argued that Movant herself had not adduced any evidence that BOP would be unable to provide her adequate treatment. As such, the Court concludes that Movant's second ground for relief is meritless.

C. 8th Amendment Violation based on BOP's Failure to Provide Adequate Medical Care

In her third ground for relief, Movant argues that she is entitled to relief because the allegedly inadequate medical care she has received while in BOP custody has rendered her sentence unconstitutionally cruel and unusual (Docs. 1, 1.1, 6). Movant's third ground for relief attacks the means by which the BOP is executing her sentence, without attacking the validity of the sentence itself; thus, she must seek relief pursuant to 28 U.S.C. § 2241 in the district in which she is incarcerated. See 28 U.S.C. § 2241; United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987) (section 2241 petitions must be filed in the district where the prisoner is confined;

8

courts in other districts, even the district in which the sentence was imposed, lack jurisdiction). Because Movant is not incarcerated in the Eastern District of Missouri, the Court concludes that it lacks jurisdiction over Movant's third ground for relief. See Hutchings, 835 F.2d at 186-87. Thus, the Court will dismiss the third ground for lack of jurisdiction.

### III. Certificate of Appealability

The Court concludes that Movant has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

### IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Movant Helen Riley's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 1) is **DENIED IN PART AND DISMISSED IN PART**, as follows. Ground 3 of the Motion is **DISMISSED** for lack of jurisdiction. In all other respects, the motion is **DENIED with prejudice**.

A separate judgment will accompany this Memorandum and Order.

Dated this 29th day of March, 2017.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

9